## FORREST v. JONES.

1. In an action of assumpsit, for the recovery of money collected by the defendant for the plaintiff's use, the declaration alledged that the defendant " undertook and promised the plaintiff to pay that sum on demand, which though demanded, he has not done :" *Held*, that the allegation, though *informal*, amounted to a request with the omission of time and place, and was not bad on general demurrer.

Writ of error to the Circuit Court of Tuscaloosa.

THIS was an action of assumpsit at the suit of the defendant in error against the plaintiff. The declaration contains two counts; to the first, the defendant demurred, and his demurrer being overruled, he pleaded non-assumpsit; the cause was thereupon submitted to a jury, who returned a verdict for the plaintiff, and judgment was rendered accordingly.

MOORE, for the plaintiff in error insisted, that the demurrer should have been sustained, because the first count discloses a cause for which defendant was only suable after a special demand; and no such demand was alledged. [1 Chitty's Plead. 364.]

E. W. PECK and L. CLARK, for the defendant in error, contended, that if a demand was necessary, it was sufficiently alledged. [Chitty's Plead. 324; 10 East's Rep. 359; 4 Ala. Rep. 70.]

COLLIER, C. J.—The demand in the first count, it is true, is not technically alledged, yet the averment is believed to be sufficient. After stating that the defendant made his written receipt, by which he acknowledged to have received of the plaintiff, the promissory note of a third person for collection, averring that the money had been received of the debtor, and deducing thence a liability, the count affirms that the defendant " undertook and promised the plaintiff to pay that sum on demand, which though demanded, he has not done."

In the books upon pleading it is said, when a *special* request is necessary, it must be stated with time and place, by and to whom it was made, that the Court may judge whether it was sufficient; and the general averment, "although often requested," will not answer the legal requirement, if objection be taken on demurrer. But the omission of time and place can only be taken advantage of by special demurrer. [Bowdell v. Parsons, 10 East's Rep. 359; Bock v. Owen, 5 T. Rep. 490; 1 Saund. Plead. & Ev. 131–2.] The words employed in the count objected to, amount to something more than the *licet sæpius requisitus;* they are the informal allegation of a request. It is averred, that the defendant promised to pay the plaintiff the money collected for him on demand, which promise he has not performed, though the money has been demanded. The legal effect of this, is, an averment of a special request, with the omission of time and place, which we have seen cannot be taken advantage of under a general demurrer; and as this is the only form of demurring tolerated by our statute, the objection to the declaration cannot be maintained. The judgment of the Circuit Court is consequently affirmed.