Coös,  }
April 6, 1915.  }

HORACE J. HOLDEN, *Adm'r,* v. FARMERS & TRADERS NATIONAL
BANK.

Where a person acting without legal authority collects money belonging to an
estate and deposits it in his name as executor, the bank is not liable for a con-
version if, without knowledge of the wrongdoing, it pays out the funds upon
checks drawn by the depositor.

In such case the bank is not bound to question the legitimacy of the depositor's
disbursements, and is not liable for money received from the pretended exec-
utor in payment of his individual debt.

A bank is bound to know that the claimant of a deposit standing in the name of
a person deceased is legally entitled thereto; and if it disclaims liability after
payment of the funds to a pretended executor, an action may be maintained
without previous demand.

ASSUMPSIT, to recover funds of the plaintiff's decedent alleged
to have been received and wrongfully paid out by the defendant.
Transferred from the September term, 1914, of the superior court
by *Kivel,* J., on the plaintiff's exception to an order of nonsuit.

The plaintiff's evidence tended to prove the following facts:
David H. Cook died in 1907, leaving a will in which his sons, Edward
A. and Benjamin F., were named as executors.    The will was
probated, but the executors never qualified.    At the time of his
death David had $17.57 on deposit with the defendant.    Edward
and Benjamin assumed to act as executors and collected $3,235.23
of the money of the estate.    They opened an account with the
defendant as "E. A. and B. F. Cook, executors," and deposited the

money they had collected; and all of it, together with the $17.57, was paid out upon checks drawn by them. Among these checks was one for $323.22 given to the defendant to take up a mortgage it held upon Edward's horses. The defendant had no knowledge that Edward and Benjamin were not executors. It dealt with them in good faith and in the usual way.

*Horace J. Holden* (by brief and orally), for the plaintiff.

*Thomas F. Johnson* and *Drew, Shurtleff, Morris & Oakes* (*Mr. Morris* orally), for the defendant.

PEASLEE, J. The plaintiff seeks to charge the defendant for certain funds as the property of the estate which he represents. With the exception of one item of $17.57, the money was all received by the defendant from E. A. and B. F. Cook, who represented themselves as the executors of the will of David H. Cook, and it was all paid out upon their order and in the usual course of business. The defendant had no knowledge or notice of the fact that the depositors had not qualified as executors.

The plaintiff's claim seems to be that the defendant is liable because it has intermeddled with the estate, and cases wherein parties have been treated as executors *de son tort* are cited and relied upon. But the fact that these funds belonged to an estate rather than to an individual does not give them peculiar attributes, nor make one liable to the true owner thereof for intermeddling therewith when he would not be liable if the owner were an individual. "It is the wrongful or tortious intermeddler, without claim or the color of a title, upon whom the sound authorities in law fasten, in effect, the liabilities of executor *de son tort.*" Schoul. Ex., *s.* 186. In one case as in the other, the plaintiff must show an invasion of his property right. As the plaintiff states in his brief, his action sounds in tort rather than contract. It is in substance a suit in trover.

The case presented is this: One who has converted the property of another delivers the same to a third party to hold subject to the depositor's order. The depositary, in good faith and with no knowledge or notice of the depositor's wrongdoing, parts with possession of the property as ordered by the depositor. The law is well settled that such acts do not amount to a conversion by the depositary. "Merely receiving property from the wrongful possessor,

and returning it before notice of his want of title, is no conversion."
2 Cool. Torts (3d ed.) 867. *Loring* v. *Mulcahy*, 3 Allen 575; *Spooner*
v. *Holmes*, 102 Mass. 503; *Hill* v. *Hayes*, 38 Conn. 532.

The defendant was not chargeable with knowledge that the
deposit was the property of the estate, except in so far as it had no-
tice of the fact. The notice consists in the act of E. A. and B. F.
Cook in making the deposit as executors. It is essential for the
plaintiff to rely upon this act; otherwise, he has no shadow of a
claim. It is the evidence by which he must charge the defendant
with notice of whose property the funds were. But while this act
is sufficient to support this branch of the plaintiff's claim, it is
equally potent to destroy another essential part of his case. Hav-
ing thus fixed the defendant's knowledge, the next step is to show
that it paid out the funds without proper authority. To prove this
the plaintiff offers to show that in fact the Cooks were not executors.
But the plaintiff had already shown, as he must, that in this trans-
action they acted as executors, and the defendant dealt with them
as such. The bank's knowledge and its possession of the fund rested
alike upon the proposition that they were executors. The plaintiff
cannot take inconsistent positions as parts of one proposition.
The bank's only knowledge that the funds were the property of the
estate being the representation of the Cooks that they were execu-
tors, it was entitled to rely upon that representation throughout its
dealing with the fund, until it received notice to the contrary.
The source of the bank's possession was the act of the Cooks as
executors.

In this respect the case differs radically from one where the con-
nection between the source of possession and the authority for
paying out involve some intervening facts. If A makes a deposit,
the bank may lawfully pay to A without further inquiry. *Brook-
house* v. *Company*, 73 N. H. 368, 373. But if B comes to the bank
with an order for the payment to him of A's deposit, the bank is
bound to ascertain the truth as to the intervening facts. It must
know whether A gave B the order. And so if A dies leaving a
deposit, the bank must ascertain that one claiming to receive the
estate has the legal right to do so.

The bank's contract is to pay to the depositor or his order. In
this case it agreed to pay to E. A. and B. F. Cook, executors, or
their order. Except as to one item, it was not bound to inquire
into their right to the estate, because it did not pay to them any
part of the estate not received from them. The same parties who

made the deposit drew it out, or ordered it paid out. There were no intervening facts which the bank was bound to know at its peril. It was the ordinary transaction of a deposit both made and paid out upon a single representation whose falsity was unknown to the depositary.

The claim that the bank is liable for $323.22 paid to it by the alleged executors for the release of a mortgage upon E. A. Cook's horses stands no better than the other items. For all that the defendant knew, this was a legitimate payment by the executors. The defendant was not bound to oversee the execution of the trust by its depositor. *Brookhouse* v. *Company*, 73 N. H. 368, 373. As to the item of $17.57, the case stands differently. This sum the bank held as a part of the estate, and before it was paid out the bank was bound to know that the claimant was legally entitled to it. Payment to one not authorized to receive the estate did not discharge the bank from this liability. It is still indebted to the estate in the sum of $17.57, which it is liable to pay upon demand. Ordinarily, suit for such a deposit cannot be maintained without a demand. But when by word or conduct the bank has denied the plaintiff's right, no demand is necessary. "We have pointed out that as a general rule demand must be made. The reason for the rule is that when banks are ready and willing to pay on demand, they shall not be annoyed by suit. The implied contract is that the banks shall keep a deposit until called for, and until the bank refuses to pay upon demand, they are not in default. . . . But where the bank has disclaimed liability, or where for any other reason the demand would manifestly be futile, none need be made." *Pratt* v. *Bank*, 79 N. J. Law 117, 120. The bank paid this item out upon the order of E. A. and B. F. Cook, and it still claims it is protected in so doing. Under these circumstances no demand was necessary.

As to the substantial part of this controversy, the ruling granting a nonsuit was right; but as to the item last considered it must be set aside.

*Exception sustained.*

All concurred.