(90 South. 340)

## Ex parte FIRST NAT. BANK OF MONTGOMERY.

## FIRST NAT. BANK OF MONTGOMERY v. WILLIAMS. (3 Div. 493.)

(Supreme Court of Alabama. June 21, 1921. Rehearing Denied Oct. 6, 1921.)

1. **Banks and banking** &#9758;154(3)—**No cause of action for nonpayment of deposit until demand.**

Though a general deposit with a bank creates the relation of debtor and creditor, no cause of action for nonpayment thereof exists, until demand is made at the banking house and within banking hours.

2. **Banks and banking** &#9758;154(5)—**Demand for payment of deposit must be alleged.**

In an action to recover a bank deposit, a demand for payment thereof must be averred, or there must be some allegation to dispense with it.

3. **Banks and banking** &#9758;154(5)—**Averment of refusal to pay deposit held insufficient averment of demand for payment.**

In complaint in action to recover a bank deposit, an averment that defendant had refused to pay was an insufficient averment of a demand for payment, since such refusal might have been of a demand for payment elsewhere than at the bank or in banking hours, or by a method not recognized in the banking business.

4. **Appeal and error** &#9758;1082(1) — **Supreme Court will review Court of Appeals' application of doctrine of error without injury.**

The Supreme Court will review the action of the Court of Appeals in applying or denying the doctrine of error without injury, under Supreme Court rule 45 (175 Ala. xxi, 61 South. ix).

5. **Appeal and error** &#9758;1039(1)—**Failure to aver demand for payment of bank deposit not cured by subsequent proof.**

Though the Supreme Court, under rule 45 (61 South. ix [1]), will not reverse for nonprejudicial error in the pleadings, an insufficient averment of demand for payment of a bank deposit, in an action to recover the same, is not cured or rendered harmless by proof of such demand; such averment being of a matter con-

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 175 Ala. xxi.

stituting a condition precedent to the creation of a cause of action.

Gardner, J., dissenting.

Certiorari to Court of Appeals.

Petition by the First National Bank of Montgomery for certiorari to the Court of Appeals to review and revise a judgment, affirming a judgment for plaintiff in action by Amanda Williams against said bank (90 South. 339). Writ granted, and judgment reversed and remanded.

Steiner, Crum & Weil, Rushton & Crenshaw, and Marion Rushton, all of Montgomery, for appellant.

Count A was demurrable, and the overruling of the demurrer was not without injury. 202 Ala. 422, 80 South. 806; 126 Ala. 535, 28 South. 517; M. L. & W. P. Co. v. Thombs, 204 Ala. 678, 87 South. 205; 165 Ind. 162, 74 N. E. 987, 112 Am. St. Rep. 214, 6 Ann. Cas. 631; 3 R. C. L. 568; 7 C. J. 663; 198 Ala. 363, 73 South. 540.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellee.

The count was not subject to the demurrer. 126 Ala. 535; 77 N. H. 535, 93 Atl. 1040, L. R. A. 1915E, 309, Ann. Cas. 1917E, 23; 4 Ala. App. 358, 58 South. 963; 148 Ala. 472, 41 South. 177; 34 Cyc. 1013; 14 Cyc. 1107. The evidence justified and required the decision rendered. 204 Ala. 424, 85 South. 754; 7 C. J. 669.

McCLELLAN, J. Amanda Williams recovered a judgment against the petitioner, which upon appeal to the Court of Appeals was affirmed. Besides the common counts, the complaint, as amended, contained count A, as follows:

"Plaintiff claims of the defendant the further sum of $300 for that plaintiff avers that during the year 1915 the defendant was in the county of Montgomery, Alabama, engaged in the business of operating or conducting a bank, and plaintiff further avers that on, to wit, September 7, 1915, she deposited with the defendant the sum of $300, and plaintiff further avers that the defendant has refused to pay her the sum so deposited, and that the same is still due and unpaid; hence she sues."

Among other grounds of demurrer assigned to count A was this: "No demand is ever alleged to have been made in said count for said money." The demurrer was overruled; and the Court of Appeals, while affirming error of the action of the trial court in respect of the quoted ground of the demurrer, applied the doctrine of error without injury because the undisputed evidence went to show a demand by the plaintiff upon the bank, and the bank's unqualified refusal to pay the plaintiff the amount of the general

deposit claimed by the plaintiff. The Court of Appeals cited Best Park Amusement Co. v. Rollins, 192 Ala. 534, 68 South. 417, Ann. Cas. 1917D, 929, as authority for its application of the doctrine of error without injury to the erroneous ruling stated. Other illustrations of the applications of this doctrine may be found in Ex parte Minor, 203 Ala. 481, 83 South. 475, 10 A. L. R. 687; Birmingham Sou. Ry. v. Goodwyn, 202 Ala. 599, 81 South. 339; Clinton Min. Co. v. Bradford, 200 Ala. 308, 312, 76 South. 74; Vance v. Morgan, 198 Ala. 149, 73 South. 406. See, also, Jackson v. Vaughn, 204 Ala. 543, 86 South. 469, 671, where the benefit of the doctrine was denied. We will later refer to the question of the application of this doctrine to the present circumstances.

That the Court of Appeals was correct in declaring error of the trial court's action in overruling the demurrer (containing the quoted ground) is quite plain. Tobias v. Morris & Co., 126 Ala. 535, 548, 28 South. 517, referring to special count 9 therein to which, however, demurrer had not been interposed. The principles there fully stated justified the court in practically declaring the count (9) insufficient (126 Ala. 548, 28 South. 520, 521) for its failure appropriately to aver a demand, notwithstanding the count did aver that the bank had "failed and refused upon demand to pay," etc., positive allegations broader as well as stronger than the averment of the present count A.

[1] A general deposit with a bank creates the relation of debtor and creditor subject, however, to certain well-defined precedent conditions, integral of the contract, as respects the obligation to pay. In the Tobias Case, supra, this court approvingly quoted, and applied to a denial of that plaintiff's right to recover under the common counts, this from Morse's work on Banking:

"We have already seen that it is a contract specially modified by the clear legal understanding that the money shall be forthcoming to meet the order of the creditor whenever that order shall be properly presented for payment. It follows, therefore, that this demand for payment is an integral and essential part of the undertaking, and it may be said, even of the debt itself. In short, the agreement of the bank with the depositor, as distinct and valid as if written and executed under the seal of each of the parties, is only to pay upon demand. * * * The undertaking of the bank is not to pay immediately and absolutely, but when payment shall be required. It is in no default till payment is demanded. Therefore no right of action exists until demand is made as stipulated for in the implied contract of deposit."

[2] It was there held that a depositor of a general character has no cause of action until by appropriate demand the bank has been put in default, unless demand has been efficiently waived by the bank or it would neces-

sarily be futile, that in the absence of waiver or the state futility there is "no default until payment has been demanded and refused," and that the institution of suit is not the requisite demand. 1 Morse on Banking (5th Ed.) § 322; Tobias' Case, supra. In cases where demand is necessary the statute of limitations does not begin to run in favor of the bank or against the depositor until demand is made. 1 Morse, supra. The general rules of law applicable to contracts where a demand is a condition precedent to the creation of a cause or right of action for failure to perform govern the subject; and hence it was decided in Tobias' Case, supra, that either demand must be averred or there must be some allegation to dispense with it. The doctrine was given early statement by this court in Forrest v. Jones, 7 Ala. 493. The demand contemplated must be made at the banking house and within banking hours. Branch v. Dawson, 33 Minn. 399, 23 N. W. 552; Tobias v. Morris, supra.

[3-5] There is no averment in count A of the demand required by the contract, or an excuse therefor. The allegation of "refusal" to pay in count A is not the equivalent of an averment of the demand necessary to be averred. Non constat, the refusal alleged may have been of a request or demand for payment elsewhere than at the bank or otherwise than in banking hours, or by a method or means not recognized in the banking business. Now, as to the application of the doctrine of error without injury: This court will review the action of the Court of Appeals in applying or denying that doctrine. Birmingham Sou. Ry. v. Goodwyn, 202 Ala. 601, 81 South. 339. In none of the decisions of this court considering the application of the doctrine of error without injury to erroneous rulings on demurrer to pleading has it been held that either through instruction of the jury or through the effect of undisputed proof of the erroneously omitted allegation from the pleading effectively assailed by the demurrer was the error cured or rendered harmless when, as here, the omitted averment was of a matter that went to afford the condition precedent to the creation of a cause of action in the plaintiff. The obviously correct statement was made in Jackson v. Vaughn, 204 Ala. 543, 86 South. 471, that in administering rule 45 (61 South. ix [2]) each case must be determined upon its own record. The doctrine will not be extended to such cases as this where the very existence of a right or cause of action depends upon the omitted allegation of a demand. To do so would involve too serious a qualification or denial, in effect, of fundamental principles of pleading, and a very doubtful departure from the safer course in the adjudication of the rights of parties. To permit so essential

[2] 175 Ala. xxi.

a condition precedent to the existence of an action to be afforded alone by evidence might involve constitutional inquiries of a grave character. Neither in phrase nor design does rule 45 apply to such circumstances.

For the error indicated the writ will be granted and the cause remanded to the Court of Appeals for further consideration in accordance with this opinion.

Writ granted, and reversed and remanded.

ANDERSON, C. J., and SAYRE, THOMAS, and MILLER, JJ., concur.
GARDNER, J., dissents.
SOMERVILLE, J., not sitting.

GARDNER, J. (dissenting). Count A alleged "that the defendant has refused to pay her the sum so deposited, and that the same is due and unpaid." This count is considered by the majority as fatally defective for failure to aver a demand by the plaintiff. I am unable to agree.

It is of course universally recognized that a demand by the depositor is a condition precedent to the maintenance of a suit of this character. Tobias v. Josiah Morris & Co., 126 Ala. 535, 28 South. 517:

"The reason for the rule is that, when banks are ready and willing to pay on demand, they shall not be annoyed by suit. The implied contract is that the bank shall keep a deposit until called for, and until the bank refuses to pay on demand they are not in default." Holden v. Farmers' & T. Nat. Bk., 77 N. H. 535, 93 Atl. 1040, L. R. A. 1915E, 309, Ann. Cas. 1917E, 23.

While the language of count A does not include the word "demand," yet we are persuaded it is embraced within, and clearly and necessarily implied by, the language used. "The ordinary signification of the word 'refused' is to deny a request or demand." Burns v. Fox, 113 Ind. 205, 14 N. E. 541. "Refusal is a failure to pay money when demanded." Kimball v. Rowland, 6 Gray (Mass.) 224; 34 Cyc. 1013; 7 Words and Phrases, p. 6031. "The averment 'that payment was refused' presupposes a previous demand of payment. The word 'refused' signifies 'to deny a request, demand, invitation, or command,' and the proof of the refusal to pay necessarily involves the proof of a previous demand." Shaler v. Van Wormer, 33 Mo. 386. "'Refusal' presupposes a 'demand.'" Williams v. Bagnelle, 138 Cal. 699, 72 Pac. 408. The count here in question alleges that the money was due and unpaid, and that defendant had refused to pay her the sum so deposited.

I recognize the rule that pleading is to be construed most strongly against the pleader, but this court has several times declared that in construing the language used in the pleading it must at the same time be given a mean-

ing consistent with sound reason and common sense. The very language of the complaint, when so construed, presupposes a demand or request for the funds, and while it does omit the precise word "demand," yet this is necessarily implied in the meaning of the language used, and its omission does not render the count bad. So construing the count, therefore, I am of the opinion that it was not subject to demurrer, and that the trial court cannot be put in error for so ruling. This conclusion renders it unnecessary to consider the question of error without injury.

I respectfully dissent.