(122 So. 701)

## HARDY v. FIRST NAT. BANK OF JACK-SONVILLE, ALA. (7 Div. 502.)

Court of Appeals of Alabama. April 9, 1929.

Rehearing Denied May 14, 1929.

S. W. Tate, of Anniston, for appellant.

Merrill & Jones, of Anniston, for appellee.

RICE, J. This was a suit by appellant, for money "had and received" for his use, against appellee.

In the view we take of the case, it is only necessary to say, by way of explanation of our holding, that the essential facts are, substantially, that appellee held a mortgage up-on some lands of appellant; appellant concluded a sale of the lands, executed a deed to the purchaser, brought the deed to appellee bank where it was left, and that there was an agreement or understanding that, so soon as the purchase money was paid to appellee, it would "take out" the amount due it by appellant, under the mortgage, and either pay to appellant, or pass to appellant's credit, any balance remaining.

The whole testimony shows clearly that, under the arrangement that was made and that existed, appellee was within its rights in passing the above-mentioned "balance" to appellant's credit. And the testimony is without dispute that it did so.

■■ The moment this was done, the relation between appellant and appellee became that of creditor and debtor in the sense discussed in the opinion in Ex parte First National Bank of Montgomery (First Nat. Bank of Montgomery v. Williams), 206 Ala. 394, 90

So. 340. And, before appellant could maintain successfully this suit, it was necessary, under the authority just mentioned, that he both aver and prove a "demand," the same made in the way therein pointed out as appropriate, for the money in question. In the testimony in this case there is nothing tending to show such a "demand"; hence the trial court properly gave at appellee's request the general affirmative charge in its favor.

It might be added that we do not think the testimony of appellee's former cashier—not, at the time of testifying, in appellee's employ—as to what the appellee *would* or *would not have* done had the "demand" been made, weighs against our holding. There was no testimony tending to show any "refusal" of the appellee, or other denial of liability which would excuse appellant from making the demand.

The other questions, in the view we have taken, seem unimportant, and will not be discussed.

The judgment is affirmed.

Affirmed.