2s 490
111  118

### JOHNSON v. KELLY & HUTCHISON.

1. If the judgment is for more damages than laid in the writ and declaration, it is error.
2. An admission by the defendant of the correctness of the plaintiffs demand, is sufficient evidence to recover, without proof of the original entries, or production of the account.

KELLY & Hutchison, for the use of Wm. Leach, on 23d of April, 1827, commenced an action of assumpsit against W. B. Johnson, in Madison Circuit Court, to recover on an open account for services rendered. The damages were laid in the writ and declaration at $100. The plaintiffs proved on the trial, that the account, amounting to $90, was presented on behalf of Leach, by one Rogers, to the defendant, who admitted it to be correct, and agreed that if day was given from that time, the 31st May, 1827, till the 1st of January next afterwards, he would give his note for the amount, with G. W. Johnson as security; Rogers surrendered and receipted the account, and took a note for the amount, payable to Leach,

which was signed by W. B. Johnson, and was to be obligatory, when signed by E. W. Johnson; but when presented to him, he refused to sign it. The note was produced at the trial by the plaintiffs, who tendered it to be cancelled. At the time Rogers presented the account, Johnson remarked, that for some of the charges, the services were not fully rendered, but admitted the correctness of the charges, and did not say any of them were not due and payable. There was no evidence that the services charged were not rendered before the suit was brought, but there was further proof of an acknowledgment of the correctness of the account at another time by the defendant, and a promise by him to settle the amount of it with Leach. The defendant objected that no account was produced. The plaintiffs offered to produce the book of original entries of the charges, but the Court determined that neither the account nor book was necessary. The defendant also moved the Court to instruct the jury as in case of nonsuit, because, as he insisted, the giving of the note extinguished the right to sue on the account. This instruction the Court refused. To all which the defendant excepted. The jury found a verdict for $108; for which judgment was given.

BRANDON, for Johnson, the plaintiff in error, contended that the receipted account should have been produced or accounted for, and notice given to produce it, if in the possession of the opposite party.[a] Also, that the plaintiff should have been compelled to exhibit or name the items of the account on which the suit was brought, so that the defendant could have cross-examined as to them, and so that it could be ascertained that they were the same which were acknowledged to be due.[b] He also insisted that the judgment should be reversed, because the verdict and judgment were for more damages than were laid in the writ and declaration.[c]

*a* 1 Stark. Ev. 327 to 390.
*b* 1 John. Dig. 576.

*c* 2 Tidd's Pr. 927. 2 Blk. Rep. 1300. 1 Marshall's Rep. 475-7. 1 Chitt. Pl. 400. 1 Maule & Sewl. 675. 4 Ib. 94. 5 East. 142.

GAYLE contra.

*Per curian.* In this case the judgment is reversed, because the verdict and judgment are for more damages than are laid in the writ and declaration. On the other errors assigned, our opinion is in favor of the defendants in error.

Reversed and remanded.