## PRYOR *vs.* JOHNSON.

[ACTION ON OPEN ACCOUNT.]

1. *Bill of particulars.*—An objection to the sufficiency of a bill of particulars, (Code, § 2233,) when made on the trial, comes too late.
2. *Proof of account.*—To entitle a party to a recovery on an open account, it is not necessary that he should prove the specific articles which constitute each item, if the correctness of the account is otherwise sufficiently established.

Appeal from the Circuit Court of Madison.

Tried before the Hon. Wm. S. Mudd.

THIS action was brought by Alexander Johnson, against James C. Pryor; was founded on an open account for $46 30; was commenced in a justice's court, and removed by appeal to the circuit court. On the trial in the circuit court, as appears from the bill of exceptions, the defendant proved a written notice to the plaintiff, requiring him "to file a bill of particulars, showing the items, dates, &c., comprising his account;" and in answer to this notice the plaintiff then produced an account in these words:

"Jas. C. Pryor

In account with 'Owl Refreshment Rooms.'

| 1854, Dec. | Amount of account for this month | | | | | | $4 90 |
| 1855, Feb. | " | " | " | " | " | " | 10 75 |
| " April. | " | " | " | " | " | " | 15 10 |
| | | | | | | | $30 75" |

The defendant objected to this, "as being uncertain and insufficient;" but the plaintiff having proved, "that he kept no account of each item in the accounts of his customers, that defendant was one of his regular customers, and knew that plaintiff only entered on his books a monthly summary of each customer's account, and was in the habit of paying bills similarly made out,"—the court ruled, that it was a sufficient bill of particulars; to which the defendant excepted.

"The defendant also asked the court to instruct the jury, that if the proof did not establish what amount of said account was for liquors, how much for cigars, and how much for eating, then the plaintiff could not recover; which charge the court refused to give, and the defendant excepted."

These two rulings of the court are now assigned as error.

WM. H. MOORE, for the appellant.

ROBERT C. BRICKELL, contra.

WALKER, J.—The Code (§ 2233) in terms gives to the defendant a right to have, " *at any time previous to the trial,*"

a list of the items composing an account which is the foundation of the suit. It is manifestly contemplated by the statute, that the requisition of the bill of particulars, and the compliance with it, shall be before the trial. An objection that the bill of particulars, or list of items, is insufficient, must be made before the trial. If made upon the trial, it would operate a surprise. If made before the trial, the deficiency might be supplied. In Lovelack v. Cheveley, 1 Holt's N. P. 552, (3 E. C. L. 185,) it is said: "The party who objects to the particulars, as insufficient, must make his complaint at the proper time. He cannot wait till the trial of the cause, and then raise an objection, which, if earlier made, might have been disposed of. In this case, if the plaintiff had not time to tax the bill, he might have applied to the court; but, by keeping the particulars, he has waived his objection." See, also, 1 Phillipps on Evidence, 193; Goodrich v. James, 1 Wend. 289. The objection to the sufficiency of the bill of particulars was made in this case upon the trial; and, for the reasons above stated, we decide, that the objection came too late, and was, therefore, properly overruled.

2. The failure of the plaintiff to show upon the trial for what specific articles furnished the charges of the account were made, and the amount of the charge for each article, was not necessarily fatal to his recovery. It is conceivable, that the plaintiff may have been able to establish the justness of the demand, without being able to set forth in detail the articles sold. The court properly rejected the charge asked by the defendant, which would have precluded the plaintiff from a verdict, although he had proved his claim by the clearest and most satisfactory testimony.

The judgment of the court below is affirmed.