# Sullivan Timber Co. v. Brushagel.

## Action of Assumpsit.

·1. *Action on account; verified statement.*—In an action on a verified account, the averment in the complaint that the account sued on is verified by affidavit is a sufficient compliance with the statute (Code, § 2773) authorizing the introduction of a verified account as competent evidence of its correctness when the fact of verification is indorsed on the summons and complaint, unless the defendant files an affidavit of denial; but when such averment is made in the complaint, it is to be taken merely as a compliance with the statute, and not as descriptive of the cause of action.

· 2. *Same; same; proof of account sued on.*—Where a complaint avers that the action is on a verified account, the plaintiff may prove the account sued on by adducing it as verified, or, if he fails to introduce, or has not in fact filed, a verified account, he may prove the account sued on as in a simple action on account and as if no averment of its verification had been made.

3. *Same; proof of account, sufficient to support action.*—An action on a simple account or on an open account, is supported by proof of an account stated, and the plaintiff is not required to produce a written statement of the account, or to establish the items thereof; but it is sufficient to show that the defendant bought goods from plaintiff, whether one or many items, and, with knowledge of the facts, admitted the correctness of the charge made by the plaintiff against him for such goods.

4. *Same; enforcement of material-man's lien; personal judgment; admissibility of evidence.*—In an action on an account, wherein the plaintiff seeks to enforce a material-man's lien, the plaintiff may obtain a personal judgment against the defendant, though he fails to establish his lien; and evidence tending to show that the defendant in such an action is liable on the account sued on is admissible.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

The appellant, the Sullivan Timber Company, brought the present action against Henry Brushagel, to recover an amount alleged to be due the plaintiff for lumber and timber sold to the defendant, and used by him in the erection of certain buildings · and improvements upon real estate ; and sought to establish a material-man's lien upon the buildings and property. The com-

plaint averred that the amount sued for was due from the defendant "by account verified by affidavit." There was attached, as exhibit A. to the complaint, a statement filed by the plaintiff in the office of the probate judge under the provisions of the statute for the establishment and enforcement of a material-man's lien, and the property upon which the lien was sought to be fixed was described in detail therein. This statement was accompanied by the affidavit of John W. Black, president of the plaintiff corporation, in which he deposed that the facts alleged therein were true. To this exhibit there was attached an itemized statement of the lumber sold by the plaintiff to the defendant. There was indorsed on the summons and complaint the following statement : "The account sued upon is verified by affidavit."

The defendant pleaded the general issue, and the following special plea :   "2d.   That before purchasing the lumber constituting the account sued on, the plaintiff and defendant agreed that defendant was to procure the promissory notes of a third person for the amount of lumber he desired to purchase, and indorse them to plaintiff and that plaintiff would let them have the lumber therefor ; that defendant did procure said notes and indorse them to plaintiff, and defendant then ordered said lumber and received the same, and that except the lumber so obtained defendant did not purchase any lumber of plaintiff."

On the trial of the cause, as is shown by the bill of exceptions, John W. Black, the president of the plaintiff corporation was introduced as a witness, and testified that the plaintiff furnished the defendant with lumber at his request. Thereupon the witness was asked to look at the account attached to the statement for the establishment of the material-man's lien, annexed to the complaint in this cause as exhibit. A , and see if the corporation furnished the lumber therein described. The witness testified that he had a copy of the account, but that he did not make the original entry on the books, and did not, in fact, deliver the lumber, but had the clerks to do so, and that the account attached to exhibit A. was copied from the original order, and was a true copy of what the plaintiff sold to the defendant. The witness then testified to the defendant coming into the office of the plaintiff with a memorandum of the lumber he

[Sullivan Timber Co. v. Brushagel.]

wished to purchase, of which the statement attached to exhibit A. was a copy, and wanted to know what such lumber would cost, and upon being told what would be the cost thereof he asked to purchase it on time, which the plaintiff refused, and that the plaintiff afterwards accepted three notes made by R. Moore & Co., payable to the defendant, and indorsed by the defendant to the plaintiff, each being made for one-third of the amount the defendant was told the lumber would cost. This witness further testified that he did not compare the account attached to exhibit A. with the memorandum or order the defendant left him; that the original from which the account attached to the statement for the material-man's lien was made, was taken from the books, and the account as contained in the books was a copy of the original order delivered by the defendant, and was entered therein by the book-keeper. The defendant moved the court to exclude the testimony of the witness Black, as to the correctness of any portion of the account, on the grounds that his testimony shows he did not know anything about it, and because there was no itemized account filed in this cause, which could be denied under a sworn plea; and, second, because there is no count for goods, wares and merchandise sold and delivered, and for that reason it is wholly immaterial as to what the plaintiff delivered. The court sustained the motion, excluded this testimony, and to this ruling plaintiff duly excepted The other witness introduced for the plaintiff testified to substantially the same facts as those brought out in the examination of the witness Black.

The defendant introduced no evidence; and upon the introduction of all the plaintiff's evidence, the court at the request of the defendant gave the general affirmative charge in his favor. The plaintiff excepted to the giving of this charge, and also excepted to the court's refusal to give the general affirmative charge in its behalf.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the rulings of the court upon the evidence, and the giving of the charge in favor of the defendant, and the refusal to give the charge requested by the plaintiff.

[Sullivan Timber Co. v. Brushagel.]

FRED'K G. BROMBERG, for appellant.—The court erred in its ruling upon the evidence. The witness Black should have been allowed to testify from the account attached to the claim of the lien.—*Powell v. Henry*, 96 Ala. 412; 1 Greenl. Ev., § 436.

GREGORY L. & H. T. SMITH, *contra*.—The rulings of the court upon the evidence were correct for two reasons. 1st. Because the copy sought to be proven was secondary evidence.—*L. & N. R. R. Co. v. Orr*, 94 Ala. 602; *Ricketts v. Birmingham St. R. Co.*, 85 Ala. 600; *Foster v. State*, 88 Ala. 182. 2d. Because the witness showed that he had no personal knowledge of the matter in regard to which he sought to testify.—*Doe v. Clayton*, 73 Ala. 359; *Snodgrass v. Caldwell*, 90 Ala 319.

The suit was upon a verified account. The allegation that the account was verified, was descriptive of the cause of action sued on, and had to be proven as alleged. Proof of an account not verified, would not sustain the action.—*McCrummen v. Campbell*, 82 Ala. 566; *Truman v. Owen*, 21 Pac. Rep. 665; 1 Greenl. Ev. (15th ed.) §§ 58, 66; 2 Greenl. Ev. (15th ed.), § 11. There was, therefore, no sufficient proof of the cause of action sued upon, and the court did not err in giving the general charge for defendant.

McCLELLAN, J.—Section 2773 of the Code is as follows: "*When sworn account admissible in evidence.* In all suits upon accounts, an itemized statement of the account, verified by the affidavit of a competent witness, taken before and certified by an officer having authority under the laws of this State to take and certify affidavits, is competent evidence of the correctness of the account, if the plaintiff, at the time of bringing his suit, indorses on the summons and complaint, or other original process, the fact that the account is verified by affidavit, unless the defendant, within the time allowed him for pleading, files in the cause an affidavit denying, on information and belief, the correctness of the account." It is, of course, not in the purview of this statute that suit should be brought as upon a verified account, but only that, where a suit in the usual form of complaint is brought on an account, and the account is verified and filed, and these facts noted on the summons and com-

plaint, the account, without further proof of its correctness, is competent evidence unless challenged by the affidavit of the defendant.   One way of noting the fact of verification which has been approved by this court is to aver it in the complaint instead of indorsing thereon; and when such averment is made it is to be taken merely as a compliance with the statute and not as descriptive of the cause of action.—*Lunsford v. Butler*, 102 Ala. 403. So that, where, as here, the complaint avers that the action is upon a verified account, it is open to the plaintiff either to prove the account sued on by adducing it as verified, or, if he fails to introduce—has not in fact filed—a verified account, he may prove the account sued on as if no averment of its verification had been made. It follows that the rulings of the court below in this case cannot be supported on the theory of a variance between the cause of action alleged and that attempted to be proved.

The present suit is, therefore, to be treated as a simple action on an account with the burden on the plaintiff corporation, since it did not produce, or rely upon as evidence, a verified account, to prove the correctness of its account by evidence *aliunde*.

To prove an account sued on as an open account it is not indispensably necessary to produce before the jury a written statement of the account or to establish the items of the account.   It is quite sufficient if it be shown in a case like this that the defendant bought goods from the plaintiff, whether one or many items, and admitted the correctness of the charge made by the plaintiff against him for them, with knowledge of the facts; or, in other words, a count as upon an open account, or upon an account simply, may be well supported by proof of an account stated.—*Johnson v. Kelly & Hutchinson*, 2 Stew. 490; *Holmes v. Gayle & Bower*, 1 Ala. 517; *Pryor v. Johnson*, 32 Ala. 27.   The evidence of Black in this case certainly went to show that Brushagel admitted the correctness of plaintiff's account, and thus to sustain the action so far as a personal judgment against the defendant was sought, though the evidence of this witness may not have otherwise tended to prove the account sued on. And plaintiff would be entitled to such a judgment if Brushagel was shown to owe the account though it might not be entitled to the enforcement thereof as a material-

man's lien against the property of Brushagel described in the complaint.—*Bedsole v. Peters*, 79 Ala. 133. The circuit court, therefore, erred in excluding all the evidence of Black, and also in giving the affirmative charge for the defendant.

We need not consider the other points reserved in detail. We are of opinion that if it be shown on another trial that Brushagel owed plaintiff the account for lumber purchased by him to be used in the building of a house or houses on the land described in the complaint, that the lumber was so used, that in ordering this lumber he specified in writing the several kinds and quantities of lumber he desired, as shown in the paper marked "Exhibit A" in the abstract, that upon this specification plaintiff set down a lump sum as the price of all the lumber and Brushagel bought the bill of lumber as thus stated, and that a copy of this order with this statement of price added to it was duly verified and within the statutory period filed in the office of the judge of probate along with the statutory declaration of lien claim, the plaintiff would be entitled to a personal judgment against Brushagel and also to a judgment condemning the property to sale in satisfaction thereof.

Reversed and remanded.