# Lehman, *et al. v.* Austin, *et al.*

### Assumpsit.

(Decided December 16, 1915. 70 South. 653.)

1. **Set Off and Counter Claim; Recoupment.**—While there is a well defined distinction between set off and recoupment, in a sense, they are each set off.

2. **Appeal and Error; Harmless Error; Rule 45.**—Where the action was on notes, and defendant filed plea of set off, but the proof sustained pleas of recoupment, the case being presented to the jury upon the single issue, the judgment for defendant will not be reversed, as, under rule 45, Supreme Court Practice, the substantial rights of plaintiff were unaffected.

3. **Same; Evidence.**—Where the action was on notes by one partnership against another, and was defended on the ground of the breach by plaintiffs of their agreement to finance defendant's automobile business, and to furnish the purchase price of Mitchell automobiles as ordered by defendant, the question to a plaintiff on cross examination "Did you ever offer, after these notes were given to you, to pay for Mitchell cars" was not reversible error.

APPEAL from Selma City Court.

Heard before Hon. J. W. Mabry.

Action by M. M. Lehman and J. G. Wilkins, trading under the firm name and style of American Candy Manufacturing Company, against J. C. Austin and another. From a judgment for defendants, plaintiffs appeal. Transferred from Court of Appeals under section 6, Acts 1911, p. 450. Affirmed.

The first nine counts were the usual action on the promissory notes, and declared on nine separate notes. The other counts

declared on promissory notes drawn by the Selma Garage Company, by G. W. Payne, manager, which said note was, before its negotiation, jointly indorsed by defendants as indorsers and was negotiated by defendants to plaintiffs. The defendants filed separate pleas, setting up that at the time of the commencement of the action plaintiff was indebted to him in the sum of $350 by liquidated demand, due $50 per month, for seven months, which he offers to set off against the demands of the plaintiff, and claims judgment for the excess, and setting up money had and received by the plaintiffs for use of the defendants in the sum of $350, which was also set off and judgment claimed for the excess. By another plea the defendants set up that the plaintiffs agreed to finance the business of defendants and to put up, at the demand of defendants, the purchase price of Mitchell automobiles as the same should be ordered by the defendants, said automobiles to be sold by defendants in connection with their business, and the profits to be derived to be divided between plaintiffs and defendants; that the said Stoddard-Dayton automobile sold by plaintiffs to defendants was worth no more than $250, and that the notes given by defendants to plaintiffs over and above $250, to wit, $550. were a bonus to plaintiffs to furnish money for the purchase of said Mitchell automobile, and that defendant paid to plaintiff seven notes of $50 each, and plaintiffs still have possession of nine notes of $50 each, all of said notes being given as the purchase price of said Stoddard-Dayton automobile above mentioned; that on several occasions defendants demanded of plaintiffs that plaintiffs carry out its agreement to furnish money to purchase said Mitchell automobile, and that plaintiffs wholly failed and refused to do so; that prior to the bringing of this suit, defendants tendered to plaintiffs the Stoddard-Dayton automobile in as good condition as when it was received, and now offers to return said automobile to plaintiffs upon plaintiffs returning to defendants the money which defendants had paid to plaintiffs on account of said contract, wherefore defendants say that said notes described in said complaint are now without consideration, the consideration therefor having failed. The question propounded on cross-examination to the witness M. M. Lehman was as follows: "Did you ever offer, after these notes were given to you, to pay for Mitchell cars?"

[Lehman, et al. v. Austin, et al.]

PARTRIDGE & HOBBS, for appellants. PETTUS, FULLER & LAPS-
LEY, for appellee.

GARDNER, J.—Appellants, as partners doing business un-
der the firm name of American Candy Manufacturing Company,
brought suit against these defendants on certain promissory
notes payable to plaintiffs, drawn by the Selma Garage Company
and indorsed by defendants. The suit proceeded against defend-
ants as indorsers of said notes, and resulted in a judgment for
defendants against plaintiffs for $75 excess under the plea of
defendants, and from the judgment this appeal is prosecuted.

It appears from the evidence that the defendants, at the
time of the transaction here involved, were engaged in the bus-
iness of selling automobiles at retail under the name of the Selma
Garage Company, and that plaintiffs were partners doing busi-
ness under the firm name as above indicated. The plaintiffs,
through M. Lehman, had made effort to sell defendants a sec-
ondhand automobile owned by them, and through negotiations
between said Lehman and J. C. Austin on the part of defend-
ants a purchase was agreed upon at a price of $800, to be paid
on terms of $50 per month, to be evidenced by notes signed by
the said Selma Garage Company and indorsed by defendants,
and as a result the notes here sued upon were executed. Evi-
dence for the defendants tended to show that the consideration
for said note was not only the purchase of the secondhand auto-
mobile, which they insist was of value not exceeding $200, but
also an agreement on part of plaintiffs, made through said Leh-
man, that they would finance all "Mitchell" cars which defend-
ants should order out and sell in Selma, the profits to be divided;
that under such agreement the notes were executed and seven
of them paid; that cars were ordered out and purchasers se-
cured, and when the cars arrived plaintiffs declined to advance
the money, resulting in loss to defendants. Lehman, as witness
for plaintiffs, admitted that an effort to sell the secondhand
car of plaintiffs to defendants had failed, and that defendants
had declined to purchase unless plaintiffs would agree to "finance
the Mitchell car," and that he had agreed to finance one Mitchell
car, but no more, and that the only condition on which Austin,
for the defendants, agreed to buy the secondhand car was his
agreement to finance the "Mitchell car." Lehman further in-

sisted that defendants made no request or demand to finance the cars, while defendants offered proof to the contrary. Lehman further insisted that the agreement was to finance only one car, while defendants offered evidence to the effect that the agreement was to finance all "Mitchell" cars that defendants should order out and sell in Selma. In these two particulars the evidence was in sharp conflict. Testimony was introduced without objection pro and con upon this issue by the parties to the suit. This was the only defense offered and the only issue presented for the determination of the jury. The defendants set up their defense in several pleas, the facts being stated more fully in pleas 5 and 7—the latter plea, however, being one for failure of considerations—and asked that their claim arising from said breach be "set off" against the demand of the plaintiffs, and claimed judgment for the excess.

(1, 2) The affirmative charge asked by plaintiffs as to each plea of defendants was refused, and it is insisted that this constituted reversible error, for the reason that the pleas are pleas of set-off, whereas the proof would sustain only pleas of recoupment. The distinction between set-off and recoupment is well recognized in the following of our cases: *Grisham v. Bodman,* 111 Ala. 194, 20 South. 514; *Carolina P. C. Co. v. Ala. C. Co.,* 162 Ala. 380, 50 South. 332; *Dalton v. Bunn,* 152 Ala. 577, 44 South. 625. We are not here concerned with the sufficiency of any pleading in reference to either, as issue was taken upon the several pleas. We need to treat here only with the matter of substance, that which affects the substantial merits of the cause. While there is a well-defined distinction between set-off and recoupment, yet, as said by this court in *Lawton v. Rickets,* 104 Ala. 435, 16 South. 59, "they are each, in a sense, set-offs." The evidence was offered, and the cause presented to the jury, upon this one issue, and the jury determined the issue in favor of the defendants. No evidence of any other character was offered by either party. Rule 45 of this court (175 Ala. xxi, 61 South. vii) reads as follows: "Hereafter no judgment will be reversed or set aside, nor new trial granted by this court or by any other court in this state, in any civil or criminal case on the ground of misdirection of the jury, the giving or refusal of special charges or the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless in

SUPREME COURT

the opinion of the court to which the appeal is taken, or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."

If it be conceded, for the purpose of this case only, that the contention of counsel for appellants is correct, yet it would be so from a purely technical standpoint, involving nothing affecting any substantial rights of the parties, and, indeed, we are clear in the view that upon examination of the entire record it in fact affirmatively appears that no error complained of has injuriously affected any substantial rights of appellants. Such seems to have been the view entertained by the learned judge of the city court in the judgment denying the motion for a new trial. If the rule above quoted is to serve any useful purpose, it finds fit application in the instant case.

It is further insisted that the evidence only showed a breach of an agreement made by Lehman alone, and therefore the judgment against both plaintiffs could not be sustained. There was evidence, however, clearly tending to show that the entire transaction was had between the two firms, conducted by Lehman on one side and by Austin on the other, and was for the benefit of the respective partnerships, and that Lehman's agreement was in fact the agreement of his firm and was so treated and understood by all. There is no merit in this contention.

(3) There was no reversible error in permitting the question of defendants to witness for plaintiffs on cross-examination.— *Mitchell Ginning Co. v. Grant,* 143 Ala. 194, 38 South. 855; *Meador v. Evans,* 188 Ala. 229, 66 South. 446.

We find no error for which the judgment of the court below should be reversed, and it is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN, SOMERVILLE and THOMAS, JJ., concur in the opinion. MAYFIELD and SAYRE, JJ., concur in the conclusion, holding that there was no error, hence no room for operation of rule 45.