(81 South. 570)

CITY OF MOBILE v. RUSH.   (1 Div. 88.)

(Supreme Court of Alabama.   May 1, 1919.)

APPEAL AND ERROR ☞933(4)—FINDINGS OF FACT—REVIEW.

Where trial court had witnesses before it, and advantage of observing their manner and demeanor upon stand, presumption is in favor of correctness of its ruling in denying a motion for a new trial on ground that verdict was contrary to weight of evidence.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Suit by Howard C. Rush against the City of Mobile and another. From an adverse judgment, the City appeals. Transferred from Court of Appeals, under section 6, p. 449, Acts 1911. Affirmed.

Suit for damages by the appellee against the city of Mobile and the Jott Construction Company, for personal ·injuries alleged to have been sustained by the plaintiff (appellee) while passing along the wharf at the foot of Dauphin street in the city of Mobile, falling through a hole in said wharf.

During the progress of the cause, the construction company was eliminated by action of the court, and the cause was submitted to the jury upon the complaint against the city of Mobile, and the general issue joined thereon, resulting in a judgment for the plaintiff for $150, from which the city prosecutes this appeal.

The evidence for the plaintiff tended to show that the wharf had been destroyed by the storm of July 5, 1916, and had been partially rebuilt by the city on September 2, 1916, when the plaintiff was walking on said wharf at the foot of Dauphin street and fell through a hole into the river, sustaining the injuries complained of; that this wharf was a thoroughfare, or public highway, in the city of Mobile; that the hole was caused by several planks having been omitted therefrom; and that it was left unguarded and without lights to indicate that the hole was there.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Defendants insist, and offered testimony to show, that the wharf at that place—where the plaintiff claims to have fallen into the river—had been completed, that no planks were missing, and no hole was there.

Motion was made for a new trial upon the ground that the verdict. of the jury was contrary to the weight of the evidence. This motion was denied.

Robert H. Smith, of Mobile, for appellant.
Foster K. Hale, Jr., of Mobile, for appellee.

GARDNER, J. The action of the court in denying the motion for a new trial upon the ground that the verdict was contrary to the weight of the evidence constitutes the only question presented upon this appeal.

The trial court had the witnesses before him, and the advantage of observing their manner and demeanor upon the stand. Under such circumstances, the presumption is in favor of the correctness of his ruling. Hatfield v. Riley, 199 Ala. 388, 74 South. 380.

We do not deem it necessary to enter into a discussion of the testimony. Suffice it to say that, after a careful review of the record, we are not persuaded, under the familiar rule announced in Cobb v. Malone, 92 Ala. 630, 9 South. 738, that a reversal should be rested upon this action of the court.

The judgment appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.