(90 South. 339)
# FIRST NAT. BANK OF MONTGOMERY v. WILLIAMS. (3 Div. 372.)

(Court of Appeals of Alabama. June 1, 1920. Rehearing Denied Nov. 16, 1920. Reversed, on Mandate of Supreme Court, Oct. 4, 1921.)

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by Amanda Williams against the First National Bank of Montgomery. Judgment for plaintiff, and defendant appeals. Affirmed, but reversed and remanded in obedience to the mandate of the Supreme Court (206 Ala. 394, 90 South. 340).

Steiner, Crum & Weil, of Montgomery, for appellant.

Count A was subject to demurrer. 126 Ala. 535, 28 South. 517. The error was not without injury. 202 Ala. 422, 80 South. 806. Where one of two innocent persons must suffer, this falls upon the most in fault. 63 Ala. 519; 179 Ala. 459, 60 South. 387.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellee.

Count A is not subject to the demurrers interposed. 126 Ala. 535; 7 C. J. 664; 4 Ala. App. 358, 58 South. 963; 148 Ala. 472, 41 South. 177; 3 R. C. L. 568; 77 N. H. 535, 93 Atl. 1040, L. R. A. 1915E, 309, Ann. Cas. 1917E, 23. In any event, the evidence justified the verdict, and therefore the action in overruling the demurrer was error without injury. Rule 45, S. C. Prac.; 204 Ala. 424, 85 South. 754; 7 C. J. 669.

SAMFORD, J. The cause was tried by the court sitting without a jury. The complaint contained the common counts and a special count, A, alleging that defendant was a bank, a deposit by plaintiff, and a refusal by defendant to pay plaintiff the sum deposited, and that the amount was due and unpaid. The complaint was demurred to, the demurrer overruled, and the cause proceeded to trial on pleas denying indebtedness, payment, and the statute of limitations. Upon the examination of the entire record it appears that the cause was tried and determined upon issues entirely outside the common counts, and therefore any rulings on these pleadings could not affect the rights of the parties one way or the other. If, therefore, the trial court was in error, such error would not work a reversal. Sup. Ct. Rule 45 (175 Ala. xxi, 61 South. ix).

Count A should have alleged a demand, as well as a refusal to pay, but the defendant was not injured by this ruling, in view of the fact that a demand was proven, without conflict. In fact, the defense was based upon the theory that the amount claimed had been paid, and not upon the fact that it had not been demanded. If defendant, after admitting the deposit, had claimed that its failure to pay had been on account of a lack of demand, there would have been some merit in the contention here made, but its refusal to pay was on entirely different grounds. The error was without injury. Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 South. 417, Ann. Cas. 1917D, 929.

This court is urged to give careful consideration to the conclusions reached by the trial court on the facts, on account of its importance, as affecting the system used by banking institutions in their dealings with depositors, and this we have tried to do in announcing the following conclusions:

When a customer of a banking institution makes a deposit of funds, the bank impliedly makes a contract and guarantees the depositor to return to him a like amount of money, or to pay same out on his order, to the identical person to whom the order is made payable. 3 R. C. L. p. 542, § 171.

Upon this principle is based the safety of the depositors' money, which the bank uses, without interest, until called for. And when a depositor is ignorant and cannot read or write, if the bank accepts the deposit, it is none the less under obligation to see that the depositor's money is paid in accordance with its implied contract. The depositor having proven the deposit, which in this case was admitted, and the demand, which is also admitted, the burden was cast upon the defendant of proving payment, either to the plaintiff or on her order, and if under the system used by the bank there is no evidence of this, or not sufficient evidence to sustain the burden of proof, the fault is with the system and not with the law. In this case it is admitted that the plaintiff made the deposit of $300, that a demand was made for its return, and the plaintiff testified that she had never drawn any of the money out, nor authorized any one to draw it out, and had never given any checks against it. The testimony of Mr. Fisk, her employer, Mr. Walker, and her bank book and check book given her by the bank at the time the deposit was made, all tended to corroborate her statement; while, all the bank has been able to show is that according to its books the money had been paid out, but as to whom or how the evidence is silent, except as to the custom of the bank in handling accounts of this kind. There is no direct and positive evidence that the money was ever paid to plaintiff, or paid out on checks drawn by her. The bank had no vouchers, nor did its books or other evidence show it had ever returned any to plaintiff. If the books of the bank had shown "Vouchers returned $300.00," or other entry indicating a closed account, a different question might be presented, but no such evidence is in this record.

There is no evidence tending to show that the plaintiff constituted Henry and Sig Loeb as her agents other than for the purpose of identification, and yet, according to the testimony of defendant's witnesses as to the custom of the bank in handling such accounts, every dollar of this money might have been drawn out on checks acceptable to the bank, without the knowledge or consent of plaintiff, or, being an inactive account, to the credit of an ignorant person, there are other ways the money might have been taken from the bank, not necessary here to suggest. At any rate, the evidence of the custom of the bank in dealing with accounts of this character may all be, and doubtless is, true, and yet be reconciled with the testimony of the plaintiff that the money was not paid to her or on her order.

It is true defendant introduced some evidence tending to show that plaintiff had used several hundred dollars in rebuilding a house that was burned and the building of another small house, but she, on her part, offered testimony to show where she got that money, other than from the bank, which must have satisfied the mind of the trial court.

Under the authorities, this court would not be justified in disturbing the decision of the trial judge on the facts. City of Mobile v. Rush, 202 Ala. 628, 81 South. 570.

The judgment of the court was for the amount of the deposit, plus 8 per cent. interest from the date of the proven demand. This was, of course, correct.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.

## On Rehearing.

It is urgently insisted that the error of the trial court in overruling demurrer to count A should work a reversal of this case. In Birmingham So. Ry. Co. v. Goodwyn, 202 Ala. 599, 81 South. 339, 340, in an opinion in which the writer then concurred, this court held to the same view as now contended for by appellant, but on certiorari to the Supreme Court the writ was granted on the ground that the ruling on the demurrer was error without injury, and governed by rule 45. Birmingham So. Ry. v. Goodwyn, 202 Ala. 599, 81 South. 341. Since that time many decisions both of the Supreme Court and of this court have been to the same effect, notably Sov. Camp W. O. W. v. Ward, 201 Ala. 446, 78 South. 824; Clinton M. Co. v. Bradford, 200 Ala. 308, 76 South. 74; Vance v. Morgan, 198 Ala. 149, 73 South. 406; Lehman v. Austin, 195 Ala. 244, 70 South. 653; Dunning v. Town of Thomasville, 16 Ala. App. 70, 75 South. 276: Jackson v. Vaughn, pro ami, 204 Ala. 543, 86 South. 469. In the instant case, which was tried before the court, and therefore no charge to the jury defining the issues, the record so conclusively shows a consideration of the whole question, including proof of demand and refusal to pay, we are forced to the conclusion that the overruling of demurrer to count A comes within the influence of the authorities above cited.

PER CURIAM. Reversed and remanded in accordance with mandate of Supreme Court in Ex parte First National Bank of Montgomery, 206 Ala. 394, 90 South. 340.