(104 So. 793)

**BOAZ BANK et al. v. NAILER. (8 Div. 777.)**

(Supreme Court of Alabama. June 11, 1925.)

**I. Banks and banking ⫌154(5)—Allegations necessary to recover amount of deposit from bank stated.**

Proper demand for payment by bank at its proper place of business, on banking days and within banking hours, on due presentation of proper check, when there are sufficient available funds subject to check, must be alleged to recover amount of deposit.

**2. Banks and banking ⫌154(3)—Bringing suit for amount of deposit does not constitute due demand for payment.**

Bringing suit against bank for amount of deposit does not constitute due demand for payment thereof.

**3. Banks and banking ⫌154(5)—Nonpayment by bank of all that was due depositor held sufficiently alleged.**

Averment of deposit of sufficient funds subject to check, and demand by check, duly presented while there were funds subject thereto, for payment of balance due depositor, *held* sufficient allegation that bank did not pay depositor all that was due him, when considered with averment that his account was mingled with account of partnership of which he was member, and thereby misappropriated and lost to him.

**4. Pleading ⫌322—Demand for bill of particulars after trial was begun too late.**

Demand on plaintiff for bill of particulars must be made within time required by Code 1923, § 9463, and not after trial of facts is begun.

**5. Pleading ⫌324—Letter from plaintiff's attorney, in reply to demand for bill of particulars, held sufficiently specific.**

Letter from plaintiff's attorney, in reply to defendant bank's demand for bill of particulars, in action for amount of deposit, *held* sufficiently

---

⫌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

specific, in view of bank's possession of all facts and book accounts except passbook, parties' contractual rights and liabilities being different from those of parties to ordinary account.

**6. Banks and banking ⬳154(7)—Testimony as to whether money was paid bank, note offered as evidence of item of debt, and evidence that passbook was furnished depositor held admissible in action for amount of deposit.**

In depositor's action against bank for amount of deposit misappropriated, testimony as to whether money was paid to bank, note offered as evidence of item of debt, and evidence that passbook was furnished plaintiff by bank, etc., *held* admissible.

**7. Banks and banking ⬳154(7)—Testimony as to transactions before witness was connected with bank sued for amount of deposit held properly excluded.**

In action against bank for amount of deposit, testimony that plaintiff had never come to witness since latter was connected with bank with any objection about any item of charge or passbook *held* properly excluded.

**8. Banks and banking ⬳154(7)—Evidence of depositor's failure to complain of inaccuracies in passbook or returned checks should be confined to reasonable time after book is made up and checks returned.**

Evidence of depositor's failure to complain of inaccuracies discovered in passbook or returned checks should be confined to reasonable time after book is made up and canceled checks redelivered, his duty being to examine books and vouchers with due diligence.

**9. Banks and banking ⬳154(7)—Depositor's testimony as to bank's indebtedness to him, and that he owed bank's codefendant nothing, held admissible in action for amount of deposit.**

In action against bank for amount of deposit, plaintiff's testimony that neither he nor firm of which he was member owed bank's codefendant anything, and as to bank's indebtedness to plaintiff, *held* admissible.

**10. Banks and banking ⬳154(7)—Evidence of record satisfaction of mortgage pleaded as set-off in action against bank for amount of deposit held admissible.**

In action against bank for amount of deposit, evidence that stamp of satisfaction was placed on margin of record of mortgage pleaded as set-off after notice for satisfaction was given by mortgagor *held* material and relevant, its weight or sufficiency and authority vel non of person placing stamp being for jury.

**11. Banks and banking ⬳154(9)—Charge that, if certain payments were only ones on depositor's note to bank, latter could set it off against demand for amount of deposit, held erroneously refused.**

In action against bank for amount of deposit, charge that if only payments made on plaintiff's note to bank were stated sum, note was not paid in full, and defendant could set

off balance due against plaintiff's demand, *held* erroneously refused.

**12. Trial ⬳260(1)—Charges sufficiently covered by given charges properly refused.**

Charges sufficiently covered by given charges are properly refused.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action by C. F. Nailer against the Boaz Bank and W. E. Snead. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Counts 5 and 6 are as follows:

"(5) The plaintiff claims of the defendant the sum of $850 for money had and received by the defendant bank at divers and sundry times during the years 1917 and 1918 for deposit on behalf and to the use of the plaintiff, which sums of money, after demand made by the plaintiff and refusal by the defendant, is still unpaid, together with the interest thereon.

"(6) The plaintiff claims of the defendant the sum of $850, damages for that, heretofore, to wit, during the year 1917, and up to the time of the filing of this suit, the defendant was a corporation doing a general banking business in the town of Boaz, Ala., under the laws of the state of Alabama, and at divers times during the years 1917 and 1918 the plaintiff deposited large sums of money with said defendant corporation to be subject to the checks of the plaintiff, and the plaintiff avers that the defendant negligently and carelessly mixed and intermingled the account of this plaintiff with the account of Thompson & Nailer, who were also depositors of said bank, whereby the same was misappropriated and lost to this plaintiff, and plaintiff further avers that he has drawn checks on his said account, which were duly presented for payment at defendant's place of business, and made demand on the defendant corporation for the payment of the balance due him, which checks have been dishonored and demand refused, all of which was the approximate result of the negligence and careless manner of the defendant in handling said funds, so deposited, and intermingling the plaintiff's account with the account of Thompson & Nailer to the damage of this plaintiff, as aforesaid; hence this suit."

In response to defendant's demand for bill of particulars, plaintiff's attorney wrote the letter to defendant's attorney, the substance of which is as follows:

"Per your recent request for an itemized statement or bill of particulars in the above cause, beg to advise that, in addition to the information the complaint shows in said cause, I give you the following facts:

"C. F. Nailer, the plaintiff, in the years 1917 and 1918, made deposits in the Boaz Bank to the amount of several thousand dollars; however, the deposits made by him were not made in one or two deposits, but were in all about 27 or more, and were made at different intervals running through the two years time. Of

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

course Mr. Nailer checked out of said bank quite a bit of said money, but the amount checked out and the amount deposited are so far apart that the difference in the figures furnishes the foundation for this suit.

"I will further say that Mr. Nailer, before this suit was brought, went to the bank and to Mr. Snead, personally, and demanded his money; he also demanded a settlement, but Mr. Snead and the Boaz Bank refused to pay him his money or have a settlement with him."

Charge 7, refused to defendant, is as follows:

"(7) The court charges the jury that if the only payments made on the note for $3,460.78 of September 2, 1918, were the following, on October 29, 1918, $275, January 4, 1919, $419.-57, April 24, 1919, $917.50, May 3, 1919, $938.-20, May 3, 1919, $948.35, then the note is not paid in full, and defendant is entitled to set off the balance due on said note against the demand of the plaintiff."

Street & Bradford, of Guntersville, for appellants.

Count 5 is defective in averment as to demand. Tobias v. Morris, 126 Ala. 535, 28 So. 517. Defendants were entitled to a bill of particulars, and it was error to permit plaintiff to prove items of account without having furnished a bill of particulars. Code 1923, § 9463; Stearns v. Edmonds, 189 Ala. 487, 66 So. 714; Morrisette v. Wood, 128 Ala. 505, 30 So. 630. It was competent to show that plaintiff had never complained to Miller, defendant's cashier. First Nat. Bank v. Allen, 100 Ala. 476, 14 So. 335, 27 L. R. A. 426, 46 Am. St. Rep. 80.

Orr & Killcrease, of Albertville, for appellee.

Counts 5 and 6 were not subject to demurrer. Objection to the sufficiency of a bill of particulars must be made before entering upon trial. Pryor v. Johnson, 32 Ala. 27; Code 1923, § 9463. This is not such a case as is contemplated by the statute. Stearns v. Edmonds, 189 Ala. 487, 66 So. 714.

THOMAS, J. The trial was had upon counts 5 and 6 for money had and received, and for negligently intermingling the individual funds of plaintiff with those of a partnership of which plaintiff was a member.

[1, 2] The overruling of demurrer to count 5 is assigned as error. That count avers that the deposit was "on behalf and to the use of the plaintiff"; that a demand for payment by defendant was made and refused. It is not averred how or when the demand was made. Ex parte First Nat. Bank of Montgomery (Williams), 206 Ala. 394, 90 So. 340; Id., 18 Ala. App. 273, 90 So. 339. A proper demand for payment by a bank is required, and at a time when there are sufficient funds available of the maker or draw-

er of the draft or check, before there can be a wrongful failure by the bank to honor the same. The duty to pay is required to be shown by sufficient pleading under the implied terms of the contract of general deposit—that the bank, at its proper place of business, on banking days and within banking hours, on a due presentation of a proper check, will pay if there are sufficient and available funds subject to check. Tobias v. Josiah Morris & Co., 126 Ala. 535, 28 So. 517; Ex parte First Nat. Bank of Montgomery (Williams), 206 Ala. 394. 90 So. 340; Davis v. Lime Cola Co., 18 Ala. App. 562, 93 So. 328. The bringing of the suit does not constitute the required due demand for payment. The count was subject to demurrer. There may be facts excusing demand, but facts are not here averred dispensing with the necessity of the proper averment of a due demand and refusal to pay. See Ex parte First Nat. Bank of Montgomery (Williams), supra.

[3] Count 6 was challenged by demurrer for the failure of allegation that plaintiff had not been paid by the bank all that was due him. We think the averment of the deposit of sufficient funds subject to check, the demand by check duly presented while there were funds subject thereto (alleged) "for the payment of the balance due him," when referred to and considered, as it must be (Alabama Power Co. v. Stogner, 208 Ala. 666, 95 So. 151, L. & N. R. Co. v. Johnson, 162 Ala. 665, 50 So. 300), with the other averment of the count that plaintiff's account was mingled with the account of Thompson & Nailer, "whereby plaintiff's" account was misappropriated and lost to the plaintiff to his damage, was sufficient. There was no error in overruling demurrer directed thereto.

[4, 5] Defendant objected to evidence on the ground that plaintiff failed to furnish on demand a bill of particulars. The demand under the statute is required to be timely—not after the trial of the facts has been entered upon. Code 1923, § 9463; Pryor v. Johnson, 32 Ala. 27; Acts 1915, p. 597. The purpose of the statute is to prevent surprise and to acquaint defendant with the matters claimed. The letter of J. P. Brown, as attorney for plaintiff, was sufficient in this kind of case. The bank was in possession of all the facts—the book accounts (except the passbook); without them, plaintiff could not answer more specifically than was done by the letter of his attorney. The contractual rights and liabilities of the parties as banker and depositor are naturally different from those of an ordinary account. Tobias v. Josiah Morris & Co., 126 Ala. 535, 28 So. 517; Ex parte First Nat. Bank of Montgomery (Williams), 206 Ala. 394, 90 So. 340.

[6] There was no error in allowing the question (and affirmative answer thereto), "Was the money paid to the bank?" in ad-

mitting, over defendant's objection, the note for $451.50 as evidence of an item of debt, and in allowing evidence that the passbook was furnished plaintiff by the bank, etc.

[7, 8] There was no error in excluding the testimony of Miller to the effect that Nailer had never come to witness since the former "had been connected with the bank with any objection about any item of charge on" the passbook. The objection made indicated that the transactions inquired about were before the witness "was connected with" the bank. For this reason the court properly sustained the objection. The evidentiary fact of failure of a depositor to complain of inaccuracies discovered in a passbook or returned checks should be confined to a reasonable time after the passbook is made up and canceled checks redelivered to the depositor. This follows from the rule that the duty to examine the passbook and vouchers is that of due diligence on the part of the depositor. First Nat. Bank v. Allen. 100 Ala. 476, 14 So. 335, 27 L. R. A. 426, 46 Am. St. Rep. 80; McCarty v. First Nat. Bank, 204 Ala. 425, 85 So. 754, 15 A. L. R. 153.

[9] There was no error in permitting the plaintiff to testify as a matter of fact that he did not owe Mr. Snead anything, nor was the firm, Thompson & Nailer, so indebted. So, of the indebtedness of the Boaz Bank to Nailer. The court stated to the jury, or to counsel in the presence of the jury. that the issue of fact being tried was whether anything was due or not to plaintiff, and, if so, how much, and that these material facts were required to be ascertained from the evidence by the jury. Such was the import of the ruling and instruction.

[10] A mortgage was pleaded as a set-off. Plaintiff was properly allowed to show that there was a stamp of its satisfaction placed on the margin of the record thereof in the probate office, after notice for satisfaction had been given by the mortgagor. The evidence was material and relevant. Its weight or sufficiency, as well as the authority vel non of Collier in the premises, were questions for the jury.

A discussion of other questions is unnecessary. The foregoing will suffice for another trial.

[11, 12] Charge 7 should have been given. We find no error in refusal of the other charges. They are sufficiently covered by given charges, or misplaced the burden of proof, or were misleading as unduly emphasizing or ignoring the evidence, or were improper as affirmative instructions.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.