(135 So. 173)

### RHODES v. W. B. FOLMAR & SONS.

4 Div. 558.

Supreme Court of Alabama.

May 14, 1931.

Rehearing Denied June 18, 1931.

George M. Grant, of Troy, Arthur B. Chilton and John S. Tilley, both of Montgomery, and O. S. Lewis, of Dothan, for appellant.

Wilkerson & Brannen, of Troy, for appellees.

THOMAS, J.

The appeal is from an order granting motion for a new trial.

It is the established rule in this jurisdiction that a due demand is a condition precedent to the maintenance of a suit against a bank by a depositor to recover general deposits, and no recovery can be had on common counts which contain no such averment, or a proper excuse for such failure to make due demand, or efficient waiver by the bank or demand would be futile. Tobias v. Josiah Morris & Co., 126 Ala. 535, 28 So. 517; Boaz

Bank v. Nailer, 213 Ala. 314, 104 So. 793; Ex parte First National Bank (First National Bank of Montgomery v. Williams), 206 Ala. 394, 90 So. 340; McCreless v. Tennessee Valley Bank, 208 Ala. 414, 94 So. 722. The subject of a due and proper demand was considered in Boaz Bank v. Nailer, supra.

We have carefully examined the evidence, and no due and formal demand for payment was made, and we would not reverse the circuit court on the order based on that fact and the fact that the evidence did not show efficient waiver by the bank, or that due and formal demand would have been futile; nor were such conditions precedent necessarily and reasonably to be inferred. 4 Enc. of Ev. 267. The case of Knowles v. Ogletree, 96 Ala. 555, 12 So. 397, was an action of forcible entry and detainer, and the reason for the rule in such case is necessarily different from that enabling a banking institution to function with safety and without causing unnecessary suspicions as to solvency.

The relations and conduct of business by the banker as to his trusts, interests, and that of the general community are delicate and important, and must be protected by well understood and observed rules as to withdrawals or transfer of funds, moneys, and securities on deposit. The evidence fails as to due and formal demand for payment, or reasonable inference of waiver of demand, or the necessary futility thereof.

There is no reversible error presented in the action of the trial court in granting defendants a new trial.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.